UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHEYANNE FOSTER,

                                    Plaintiff,

        v.

PROVIDENCE HEALTH &
SERVICES, et al.,

                                    Defendant.

CASE NO. C25-5885 BHS

ORDER

THIS MATTER is before the Court following Magistrate Judge Theresa Fricke's Order, Dkt. 4, granting pro se plaintiff Sheyanne Foster's application to proceed *in forma pauperis* based on her indigency, Dkt. 1. It is up to this Court to evaluate whether Foster's proposed complaint, Dkt. 5, asserts a plausible claim and should be served.

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v.*

*Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

In order to state a plausible claim, a plaintiff must allege facts that allow *the court* to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Foster seeks $250 million for "wrongful acts and violations of rights" committed by defendant Providence Health & Services. Dkt. 5 at 6. She alleges Providence committed medical malpractice when it negligently performed a procedure on Foster. She also seems to challenge an Emergency Minor Guardianship Order filed by Teya Harris in Thurston County Superior Court. *Id.*; Dkt. 5-1 at 26. Foster lists several constitutional

violations as the basis for federal jurisdiction, but does not assert how Providence—a private company—violated each of these rights. Dkt. 5 at 3–4. If Foster's intent is to assert a § 1983 claim, she cannot do so because Providence is not a state actor. *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir. 1999).

Foster's proposed complaint does not articulate sufficient facts to state a plausible claim in this Court. It is not enough to simply assert violations of federal rights without adequately explaining what facts support those allegations. Furthermore, this Court cannot and will not review the state court order. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments.").

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint to state a plausible claim. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Foster may amend her complaint to articulate more clearly alleged violations of her federal rights, or to otherwise articulate a basis for federal diversity jurisdiction. Any amended complaint should focus on the "who, what, when, where, and why" of a factual story, and should be filed by November 26, 2025.

IT IS SO ORDERED.

//

//

Dated this 12th day of November, 2025.

BENJAMIN H. SETTLE
United States District Judge